## SUPREME COURT.

JUNIUS SPENCER MORGAN *et al.* agt. CHARLES G. FRANCKLYN
and WILLIAM ALLEN BUTLER, executors, and others.

*Subrogation — how and to what extent allowed — principal and surety — Complaint — Demurrer.*

It seems to be a settled rule of equity that if "A" owes "B" and he and "C" are bound for it, and "A" gives "C" a mortgage or bond to indemnify him, "B" shall have the benefit of it to recover his debt.

But a private arrangement as to the liability of sureties, as between themselves, comes neither within the rule nor the principles upon which it rests.

The complaint alleged that the plaintiffs, who are bankers, issued letters of credit to the Atlantic De Laine Co. Hoyt, Spragues & Co. guaranteed to plaintiffs that the De Laine Co. would keep its contract, and in default thereof H., S. & Co. would hold plaintiffs harmless of loss. E. H., who was a member of the firm of H., S. & Co., guaranteed to his said firm *the* payment of any and all sums of money which should remain due and owing to said H., S. & Co. after all the property of the Atlantic De Laine Co. should have been applied to the payment of the debts of said company, the intention of said guaranty being to secure to H., S. & Co. the payment in full of any ascertained balance of account due them by said Atlantic De Laine Co.; and in case of his death his personal representatives were to pay such ascertained balance, for which he would be liable under the above guaranty, without delay, out of his assets in their hands applicable to the payment of his debts. The plaintiffs ask as relief that the balance of account due to H., S. & Co. from the Atlantic De Laine Co. may be ascertained and determined, and that the plaintiffs may be adjudged to be subrogated to all rights of said H., S. & Co. to collect the said balance so to be ascertained from the executors of E. H., and that said executors be directed to pay the assets in their hands applicable to the payment of the debts of said E. H. to the plaintiffs to the extent necessary to satisfy their claims and demands. On demurrer to the complaint by the executors of E. H.:

*Held,* that the action would not lie. E. H. was, in no just sense, a prin-

cipal. The only principal was the Atlantic De Laine Co. H., S. & Co. were sureties.

*Held,* further, that H.'s guaranty was to secure an *ascertained* balance, and it is only when *all the property* of the De Laine Co. shall *have been applied in payment of its debts* that, within the terms of the guaranty, the balance becomes *ascertained.*

*Special Term, January,* 1878.

The complaint, as originally served, stated the following as facts, viz.: On the 4th of April, 1873, and at different times afterwards, down to September 11, 1873, J. S. Morgan & Co., the plaintiffs, who are bankers, issued letters of credit to the Atlantic De Laine Company, a Rhode Island corporation.

When each letter of credit was issued the Atlantic De Laine Company agreed to furnish J. S. Morgan & Co. funds to meet their acceptances under such letter. At the same time Hoyt, Spragues & Co., a New York firm, guaranteed to J. S. Morgan & Co. that the Atlantic De Laine Company would keep its contract, and in default thereof that they, Hoyt, Spragues & Co., would hold J. S. Morgan & Co. harmless of loss by reason of having issued said letters of credit.

On the 30th day of June, 1873, Edwin Hoyt, who was a member of the firm of Hoyt, Spragues & Co., guaranteed to his said firm the payment of any and all sums of money which should remain due and owing to said Hoyt, Spragues & Co. after all the property of the said Atlantic De Laine Company should have been applied to the payment of the debts of said company, the intention of said guaranty being to secure to said Hoyt, Spragues & Co. the payment in full of any ascertained balance of account due them by said Atlantic De Laine Company, and in case of his death his personal representatives were to pay such ascertained balance, for which he would be liable under the above guaranty, without delay out of his assets in their hands applicable to the payment of his debts.

The instrument containing this guaranty recited that Edwin Hoyt's purpose was to give his firm his personal guaranty

against any loss or deficiency which might at any time exist on the account of the Atlantic De Laine Company, for the reason that he was a stockholder of that company while the other members of his firm were not stockholders.

The balance of account due to Hoyt, Spragues & Co. from the Atlantic De Laine Company has not been ascertained. It does not appear that the indebtedness of the Atlantic De Laine Company to Hoyt, Spragues & Co. is limited to payments the latter has made or may make in respect to the plaintiff's letters of credit, or that it does not arise out of transactions with many other parties.

A balance amounting on the 1st of January, 1874, to $128,591.26 is due to the plaintiff for advances made under the letters of credit and unpaid.

The Atlantic De Laine Company has been adjudged bankrupt and Robert E. Northan, a defendant in this action, has been appointed trustee of its property. The plaintiffs have proved their claim against the Atlantic De Laine Company, but have not received any dividend from its estate.

Augustus D. Juilliard, a defendant in this action, has been appointed receiver of the property and effects of the firm of Hoyt, Spragues & Co.

The plaintiffs recovered a judgment against the surviving partners of the firm of Hoyt, Spragues & Co., January 21, 1876, for $156,744.57, the full amount of their claim against the Atlantic De Laine Company with interest.

The plaintiffs have received from Juilliard, as receiver, a dividend of ten per cent on their claim of $128,591.26 against the Atlantic De Laine Company.

Edwin Hoyt is dead and the defendants Francklyn and Butler are the executors of his will. The plaintiffs have presented to the executors a claim against Edwin Hoyt's estate and the executors have rejected it.

The plaintiffs insist that they are subrogated to all the rights of said Hoyt, Spragues & Co. and their successors in interest in respect of said guaranty and indemnity, to them delivered

Morgan *et al.* agt. Francklyn.

by said Edwin Hoyt, and are entitled to have the same enforced for their benefit, and the moneys payable thereon collected and paid upon their said claims and demands.

The plaintiffs ask as relief that " the balance of account due to Hoyt, Spragues & Co. from the Atlantic De Laine Company, may be ascertained and determined, and that the plaintiffs may be adjudged to be subrogated to all rights of said Hoyt, Spragues & Co., to collect the said balance so to be ascertained from the executors of Edwin Hoyt, and that the said executors of said Edwin Hoyt may be directed to pay the assets in their hands, applicable to the payment of the debts of said Hoyt, to the plaintiffs, to the extent necessary to satisfy the plaintiffs' said claims and demands."

The executors of Edwin Hoyt demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them.

The demurrer was sustained and the plaintiffs had leave to amend their complaint, if so advised. Under this permission, they engrafted upon the ninth clause of their complaint the following words, to wit: "And that neither the said Hoyt, during his lifetime, nor his said executors since his death, has or have paid to said Hoyt, Spragues & Co., the moneys due and payable to them by him, nor otherwise satisfied or discharged, and his liability under said writing of guaranty, and his said executors have become now and are liable to pay the same, without delay, out of the assets in their hands applicable to the payment of his debts."

This was the only amendment. The same defendants demurred to the amended complaint and the demurrer was again sustained. The plaintiffs then amended for the second time by adding two lines to the second article of their complaint, and by expanding the ninth article to proportions they could not verify as true. The defendants again demurred.

*Thos. H. Hubbard*, for Hoyt's executors.

I. The plaintiffs seek relief from Edwin Hoyt's estate under

a contract made by Edwin Hoyt with Hoyt, Spragues & Co. Their complaint must, therefore, at least, state facts sufficient to show that Hoyt, Spragues & Co. are now entitled to relief against Hoyt's estate under that contract.

The complaint does not state facts sufficient to show that Hoyt, Spragues & Co. are now entitled to such relief, and, therefore, does not state facts sufficient to constitute a cause of action.

(*a*) The contract was that Hoyt would pay Hoyt, Spragues & Co. such sums as should remain due from the Atlantic De Laine Company to them, *after all the property of the company should have been applied to the payment of its debts.*

(*b*) The complaint *does not show* that any of the property of the Atlantic De Laine Company *has yet been applied to the payment of its debts ; nor does it state that the company had no property ; nor does it give any reason for bringing an action before such application is made.*

On the contrary it states that the balance of account due to Hoyt, Spragues & Co. from the Atlantic De Laine Company, *has not been ascertained.*

(*c*) If the property of the Atlantic De Laine Company were in the control of this court, and the plaintiffs should show that there was an improper neglect in applying it as aforesaid, they might, perhaps, ask this court, in one action, to distribute and apply that property and ascertain what balance there remained due to Hoyt, Spragues & Co., and give directions as to the liability of Edwin Hoyt's estate for that balance — though whether such a prayer could be granted is, for many reasons, extremely doubtful.

But the complaint shows that the property of the Atlantic De Laine Company *is in the control of the district court* of the United States for the district of Rhode Island. It follows that the property must be distributed and applied by that court.

It follows, therefore, that this court cannot *now* ascertain what balance will be due to Hoyt, Spragues & Co. from the

Morgan *et al.* agt. Francklyn.

Atlantic De Laine Company, after all the property of the latter has been applied to the payment of its debts.

(*d*) Inasmuch then as the event has not yet happened from which Hoyt, Spragues & Co. or its representatives could demand relief against Edwin Hoyt or his estate, and inasmuch as the complaint does not state any facts to show that this court should interpose to hasten that event, but does show that the court has not the jurisdiction to hasten it even had the occasion arisen, it does not state facts sufficient to make a cause of action.

(*e*) The death of Hoyt did not alter the case in such way as to give his firm or any one, an earlier cause of action.

The complaint states that in the event of his death his personal representatives "*were to pay such ascertained balance for which he would be liable.*"

So, in that event, as in case he were living, the balance must be ascertained by the application of all the Atlantic De Laine Company's property to the payment of its debts, and it was only *the balance for which Hoyt would be liable* that his personal representatives were to pay.

It makes no difference that the complaint states that the balance due from the Atlantic De Laine Company to Hoyt, Spragues & Co. amounts to more than sufficient to pay the plaintiff's debt. Hoyt's guaranty was not to pay his firm what the Atlantic De Laine Company owed it whenever the amount should be as much as the plaintiffs' debt. In fact his guaranty did not mention the plaintiffs or their debt, and does not appear to have had any special reference to either.

II. The plaintiffs would not have any cause of action against Hoyt's executors, even though the time had arrived when a cause of action had accrued in favor of Hoyt, Spragues & Co. Hoyt's guaranty was to indemnify his firm against ultimate loss. It was not made to provide for payment of the plaintiffs' claim nor to increase the security for such payment. The rule of equity that the plaintiffs seek to invoke has no application to the circumstances of this case, and, if applied

here, it would defeat the operation of elementary principles of law.

(*a*) The rule which the plaintiffs invoke was first laid down in *Maure* agt. *Harrison* (1 *Equity Cases Abridged*, 93, *case* 5). It has since been applied in a long series of cases, but they all refer directly or indirectly to the case mentioned above, and judge PARKER, in the case of *Hopewell* agt. *Bank of Cumberland* (10 *Leigh* [ *Va.*], 206), says he had found no other case deciding the same thing, though in many other cases and in the text-books it is assumed as a settled principle.

*Maure* agt. *Harrison* appears to have been decided in 1692 and was reported in 1756. The whole report of the case is this, viz. :

"A bond creditor shall in this court have the benefit of all counter bonds or collateral security given *by the principal to the surety*, as if A owes B, and he and C are bound for it, and A gives C a mortgage or bond to indemnify him, B shall have the benefit of it to recover his debt."

The reason of this rule is that if the principal debtor has set aside or dedicated certain property for the better security of a particular debt, it ought to be applied to the payment of that debt rather than to the payment of creditors at large; and, although ordinarily the application should be made by the surety who holds the security, yet when there is danger he may not make it, courts of equity, in order to avoid the circuity of actions by the creditors against the principal and the surety, and by the surety to enforce the security, will allow the creditor to enforce the security by an action in his own name. The rule can properly be applied only in those cases where the security has been set aside or *given by the principal debtor* and where it has been given for the *better protection* of the particular claim in question."

It should be set aside by the principal debtor, because it is against *him* and *his property*, and not against *sureties* or strangers, that the creditor has *equities*. It should be set aside for the better protection of the particular claim in question,

Morgan *et al.* agt. Francklyn.

because if it is only a general indemnity, the general creditors of the party giving it would, after it has operated to protect the surety indemnified, have equal claims to it.

Moreover, when the rule has been applied, it has always been so applied as to protect the surety who holds the security, as well as the creditor who seeks the benefit of it.

It has sometimes been discussed whether the surety must not first apply the security as far as it will go to the payment of the debt and then remain bound for the balance of the debt to the extent of his own undertaking as a surety. But it has never been held that the surety must pay to the extent of his undertaking, and then, in addition, surrender the security he has received for his own indemnity. The rule is intended to prevent the surety from avoiding his own obligation by dishonesty or insolvency, and then applying the security he has received to his own uses or the payment of his general creditors.

The foregoing outline of the law is drawn from the authorities which abundantly support it.

In *Wright* agt. *Morley* (11 *Vesey*, 12, *p.* 21), the master of the rolls said, " I conceive that as the creditor is entitled to the benefit of all the securities the *principal debtor* has given to his surety, the surety has full as good an equity to the benefit of all the securities the principal gives to the creditor."

In *Ex parte Waring*, (19 *Vesey*, 345, *reported more fully in* 2 *Rose Bankruptcy R.*, 182), lord ELDON allowed the creditors to work out their equities through and subject only to the rights of the party indemnified (though that party was not a surety, but the acceptor of bills drawn by the party who furnished the security), and held that the doctrine of *Maure* agt. *Harrison* only applied to cases where the surety received his security *as trustee for the creditor*, in such way that he could not relinquish or change the security after it came to his hands.

In *Ex parte Perfect* (*Montague's R.* [*Bankruptcy*], 25), the vice-chancellor said, the doctrine of *Ex parte Waring*

was that "the depositaries were to be indemnified by apply-ing the proceeds of the security in the payment of the bills as far they would go."

In *Hopewell* agt. *Bank of Cumberland* (10 *Leigh.* [*Va.*]), the court said, "It is conceded, if a surety is bound for the debt and is indemnified by *the principal debtor*, the creditor may pursue the indemity *in exoneration* of the liability of the surety."

In *Ten Eyck* agt *Holmes* (3 *Sandf. Ch. R.*, 428), the security was given by the principal debtor and the court allowed the creditor to avail of it, because it was for the abso-lute payment of the debt  *  *  and not merely to indem-nify "the indorser against his indorsement."

In *Pratt* agt. *Adams* (7 *Paige*, 615, *p.* 627), the chancellor said, "and it has been settled by a long course of judicial decisions, that where a person, standing in the situation of indorser or surety, is furnished or provided by the *principal debtor*, with a fund or with collateral security *for such a pur-pose*, the creditor is, in equity, entitled to have it applied in satisfaction of the debt" (*See, also, Moses* agt. *Murgatroyd*, 1 *Johns. Ch.*, 119 ; *Homer* agt. *Savings Bank of New Haven*, 7 *Conn.*, 478).

(*b*) In the case at bar, what is called the security, was not given by the principal debtor, the Atlantic De Laine Com-pany, but by Edwin Hoyt, who was, personally, a stranger to the transaction between that company and the plaintiffs.

(*c*) The security (so called) was not given for the better pro-tection of the plaintiffs' claim, but to indemnify Hoyt, Spragues & Co. against any loss on a final accounting with the Atlantic De Laine Company.

(*d*) The indemnity given by Hoyt to his firm, raised no trust in favor of the plaintiffs. The firm might at any time have released Hoyt from his undertaking, without thereby incurring any liability to the plaintiffs.

(*e*) If the theory of the plaintiffs is correct, then the pur-pose of Hoyt's undertaking would be entirely defeated, for

the plaintiffs have obtained judgment against the sureties and collected a dividend from them, and now seek to strip the sureties of the protection which it was the purpose of Hoyt's contract to furnish.

To allow this the court must, in effect, decide that a surety cannot lawfully take indemnity against his risk, and has no rights that the creditor of his principal is bound to respect. The plaintiffs seem to proceed on the theory that they are, for some reason, to have a preference over all other creditors of Hoyt and his firm. In fact, the general creditors of Hoyt, Spragues & Co. are entitled to receive whatever may be due from Hoyt's estate under this guaranty, and thus to be made good for their loss of the sums paid by the firm to the plaintiffs under the contract of suretyship.

III. When the court gave the plaintiffs leave to amend, it meant that they might make their complaint good, if they could do so. The plaintiffs seem to think there can be but one demurrer in an action, and that the addition of a few immaterial words to their complaint, makes an *amended complaint* that must be answered. Their so-called amended complaint is no better than the other.

IV. The demurrer should be sustained and the complaint dismissed.

*Tracy, Olmstead & Tracy*, for plaintiffs.

BARRETT, *J.* — (1) Hoyt's guaranty was to secure an " *ascertained* " balance. Such balance has not yet been ascertained nor can it be in this suit. The reason is obvious. The United States court in bankruptcy has jurisdiction, and is now administering the estate, of The Atlantic De Laine Company. There is no charge of fraud or negligence against the bankruptcy trustee, and it is only when " *all the property* " of this company shall " have been applied in payment of its debts " that, within the terms of the guaranty, the balance becomes " *ascertained*."

Morgan *et al.* agt. Francklyn.

(2) But were the balance ascertained, the action would not lie. Hoyt was, in no just sense, a principal. The only principal was The Atlantic De Laine Company. Hoyt, Sprague & Co. were sureties. If the company had furnished the firm with security, the familiar rule contended for by the plaintiffs would be applicable. But a private arrangement as to the liability *of the sureties between themselves* comes neither within the rule nor the principle upon which it rests. Nothing was set apart by the principal (nor even by Hoyt) upon which a trust could be impressed; and clearly Hoyt's agreement with his firm was not intended to provide for the payment or protection of the plaintiffs' claim nor to increase the security.

(3) So far as the complaint rests upon the judgment against Hoyt, Spragues & Co., and the execution returned unsatisfied, the cause of action is vested in the receiver.

There must be judgment for the defendants, with costs.